IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIJAH S. KLUMB,

    Plaintiff,

v.                                                                        Case No. 23-cv-0828-MV-LF

NEW MEXICO CORRECTIONS DEPARTMENT, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Elijah Klumb's Prisoner Civil Rights Complaint (Doc. 2) (Complaint).  Also before the Court are Klumb's 28 U.S.C. § 2254 Habeas Petition (Doc. 4) (Petition) and Motions to Proceed *In Forma Pauperis* (Docs. 3, 5) (IFP Motions).  Klumb is incarcerated and proceeding *pro se*.  He seeks damages under 42 U.S.C. § 1983 based on the alleged use of excessive force by prison guards and seeks to vacate his state criminal convictions under § 2254.  Having reviewed the matter *sua sponte,* the Court concludes that Klumb's § 1983 claims against the individual wrongdoers survive initial review. However, the Court will also require him to show cause why the § 2254 claims should not be dismissed without prejudice for failure to exhaust state remedies.

## BACKGROUND

Klumb is a state prisoner at the Central New Mexico Correctional Facility ("CNMCF") in Los Lunas, New Mexico.  He initiated his case by filing a handwritten letter indicating that he suffered an assault in prison and that he wished to file a habeas petition.  *See* Doc. 1.  Thereafter, Klumb filed a 42 U.S.C. § 1983 Complaint, a § 2254 Petition, and two IFP Motions.  *See* Docs. 2-5.  The Complaint alleges that Sergeant Martinez used pepper spray on Klumb throughout the

course of an hour after Klumb refused to attend a medical appointment.  *See* Doc. 2 at 4.  The incident occurred in 2023, while Klumb was incarcerated at the Penitentiary of New Mexico ("PNM").  *Id* at 2, 4.  The Complaint further alleges that after Klumb was transferred to CNMCF, Sergeant Baca used pepper spray on Klumb when he refused medication.  *Id.*  The Complaint raises claims under 42 U.S.C. § 1983 and the Eighth Amendment.  Plaintiff seeks $2.7 million in damages from: (1) the New Mexico Corrections Department ("NMCD"); (2) Sergeant Martinez; and (3) Sergeant Baca.  *Id.* at 1-2.

In the § 2254 Petition, Klumb challenges his state criminal convictions for aggravated assault with a deadly weapon and arson.  *See* Doc. 4 at 1.  The state court entered Judgment on the convictions on May 26, 2022.  *See* Judgment and Sentence in D-820-CR-2021-025.[1]  Klumb was sentenced to nine years imprisonment, with three and one-half years suspended, followed by a term of parole.  *Id.*  He filed a direct appeal, which is currently pending before the New Mexico Court of Appeals ("NMCA").  *See* Notice of Appeal in D-820-CR-2021-025; Docket Sheet in A-1-CA-41531.  Klumb filed the instant § 2254 proceeding on October 11, 2023.  *See* Doc. 4.  He challenges his state convictions based on speedy trial violations, insufficient evidence, and Sixth Amendment violations.  *Id.* at 5, 7, 8.  The Petition also appears to raise a civil rights claim based on the alleged assaults in prison.  *Id.* at 10.  Klumb filed two IFP Motions, and the matter is ready for initial review.

---

[1] To better interpret the citations in Klumb's Petition, the Court takes judicial notice of his state criminal dockets, Case Nos. D-820-CR-2021-025 and A-1-CA-41531.  *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

**DISCUSSION**

As noted above, Klumb has filed a Civil Rights Complaint and a Habeas Petition in the same proceeding. The Court will evaluate how to proceed in this mixed proceeding and address the procedural motions before turning to the merits of any claims.

**A. Scope of Proceeding and Procedural Motions**

Inmates are generally required to file separate proceedings when they seek to pursue both civil rights claims and habeas relief. *See, e.g., Sherratt v. Friel*, 2008 WL 313177, *1 (10th Cir. Feb. 4, 2008) (affirming dismissal of 28 U.S.C. § 2254 habeas claims that referenced prison conditions, since those claims should be brought under 42 U.S.C. § 1983); *Bentley v. Kansas Sec. of Corr.*, 1999 WL 617719, *1 (10th Cir. Aug. 16, 1999) (affirming dismissal of "§ 2254 petition without prejudice on the grounds that [petitioner's] claims relate to the conditions of, rather than to the fact or duration of, his confinement and, therefore, must be brought in a 42 U.S.C. § 1983 civil rights complaint"); *Davis v. Roark*, 15 F. App'x 653, 655 (10th Cir. 2001) (affirming refusal to address habeas claims in a civil rights action). As discussed in more detail below, however, Klumb's § 2254 claims are premature, and the only claims that appear to survive review arise under 42 U.S.C. § 1983. The Court therefore finds it appropriate to conduct a preliminary review of the Complaint and Petition in one ruling. The Court also will grant Klumb's pending IFP Motions (Docs. 3, 5), which reflect that he has insufficient funds to pay a partial filing fee at this time.

If Klumb demonstrates cause to proceed with the habeas claims, the Court may consider severing the actions and directing the Clerk's Office to generate a separate habeas proceeding using the Petition. Klumb is also reminded that the Court will only consider claims in each pleading that correspond with the correct type of relief. In other words, a request for a release from custody will

3

only be adjudicated through a 28 U.S.C. § 2254 Petition, and the Court will only consider allegations relating to Klumb's treatment in prison if those allegations appear in a civil complaint.

### B. The Civil Rights Claims Against the Detention Officers Survive Initial Review.

Construed liberally, the 42 U.S.C. § 1983 Complaint alleges that Sergeants Martinez and Baca used a taser on Plaintiff after he declined to take medication and attend a doctor's appointment. When a plaintiff is a "prisoner[ ] already convicted of a crime" who alleges "their punishments involve excessive force," the federal right at issue is the Eighth Amendment protection against "cruel and unusual punishments." *Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2010). The traditional test for excessive force is still applicable, however. The Court "ask[s] only whether the 'force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) and *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977)).

Accepting the allegations as true, the Complaint demonstrates that Sergeants Martinez and Baca used more force than necessary to maintain discipline. The Complaint therefore states a plausible claim against those Defendants under 28 U.S.C. § 1915(e) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. As to the remaining Defendant, NMCD is not a "person" subject to suit under 42 U.S.C. § 1983. *See Blackburn v. Dep't of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983 … regardless of the relief sought"); *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) ("state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983"). The Court will therefore dismiss the claims against NMCD. Sergeants Martinez and Baca must answer the Complaint, to the

extent that it raises civil claims.

Klumb is entitled to court-supplied service under Rule 4(c) of the Federal Rules of Civil Procedure, since he obtained leave to proceed *in forma pauperis*. *See* Rule 4(c)(3) ("The court must … order [service by court-personnel or the U.S. Marshal] if the plaintiff is authorized to proceed in forma pauperis"). The current Complaint does not provide addresses for service on Sergeants Martinez or Baca. Klumb must provide an address in writing for Sergeants Martinez and Baca writing within sixty (60) days of entry of this ruling. Thereafter, the Court will refer this case to the Hon. Laura Fashing for a *Martinez* investigation, if appropriate. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims."). If Klumb fails to timely provide addresses for service, the Court may dismiss the Complaint without prejudice.

**C.   The Habeas Claims are Premature Based on the Failure to Exhaust.**

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Petition clearly reflects that Klumb did not present his § 2254 claims to the New Mexico

Supreme Court ("NMSC").  Klumb answered "No" in response to the question: "Have all grounds for relief … been presented to the highest state court having jurisdiction?"  Doc. 4 at 12.  The state criminal docket also reflects that Klumb's direct appeal is still pending before the NMCA and that he has not initiated any appellate proceeding before the NMSC.  *See* Docket Sheets in D-820-CR-2021-025; A-1-CA-41531.  Klumb therefore has not met the federal exhaustion requirement.  Within sixty (60) days of entry of this ruling, Klumb shall file a response showing cause, if any, why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.  If Klumb wishes to focus on completing the direct appeal process with the NMCA and NMSC, he need not file a response on exhaustion.  The failure to timely respond and demonstrate that the exhaustion requirement should be excused will result in the dismissal of the Petition.  Such dismissal will be without prejudice to refiling the § 2254 claims when the exhaustion process is complete (*i.e.,* after the NMSC makes its ruling on direct appeal).

      **IT IS ORDERED** that Klumb's Motions to Proceed *In Forma Pauperis* (**Docs. 3, 5**) are **GRANTED**.

      **IT IS FURTHER ORDERED** that within sixty (60) days of entry of this ruling, Klumb shall provide addresses for service of the Prisoner Civil Rights Complaint (**Doc. 2**) on Sergeant Martinez and Sergeant Baca; and all 42 U.S.C. § 1983 claims in the Complaint (**Doc. 2**) against Defendant New Mexico Corrections Department are **DISMISSED**.

**IT IS FINALLY ORDERED** that within sixty (60) days of entry of this ruling, Klumb shall show cause in writing why his 28 U.S.C. § 2254 Petition (**Doc. 4**) should not be dismissed without prejudice for failure to exhaust state remedies.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE